UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEE BREEDING, #550796,

    Petitioner,

v.

SHERRY L. BURT,

    Respondent.
_____/

Case No. 16-cv-10354

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS [4]**

**I. INTRODUCTION**

Michigan prisoner Thomas Lee Breeding ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentence. Petitioner was convicted of two counts of first-degree criminal sexual conduct ("CSC"), MICH. COMP. LAWS § 750.520b, and one count of accosting a child for immoral purposes, MICH. COMP. LAWS § 750.145a, following a jury trial in the Macomb County Circuit Court. Upon re-sentencing, he was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 20 to 35 years imprisonment on the CSC convictions, and a concurrent term of 2 ½ to 6 years imprisonment on the accosting conviction. In his pleadings, Petitioner asserts that the state trial court mis-scored Prior Record

Variable 6 ("PRV 6") of the state sentencing guidelines in violation of state law and his federal due process rights. The matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts and exhaust additional issues concerning the sufficiency of the evidence and the effectiveness of trial and appellate counsel. For the reasons stated, the Court **GRANTS** Petitioner's motion.

## II. BACKGROUND

Petitioner's convictions arise from his improper sexual conduct with an underage girl. Following his convictions and re-sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals contesting his sentences. The court affirmed his new sentences. *People v. Breeding*, No. 312279, 2014 WL 3704902 (Mich. Ct. App. July 24, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Breeding*, 497 Mich. 972 (March 3, 2015).

Petitioner dated his federal habeas petition on January 27, 2016. He challenges the scoring of PRV 6 of the state sentencing guidelines. Petitioner dated the instant motion on February 28, 2016.

## III. LAW AND ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner seeks a stay so that he may present at least two new claims to the state courts by filing a motion for relief from judgment pursuant to

Michigan Court Rule 6.500 *et seq.* with the state trial court and then pursuing appeals as necessary. A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has shown the need for a stay. His new claims are unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Additionally, given that Petitioner alleges that appellate counsel was ineffective, he may be able to show good cause for failing to previously present his claims in the state courts. The unexhausted claims do not appear to be plainly meritless at this time and there is no evidence of intentional delay. Petitioner's unexhausted claims should be addressed to, and considered by, the Michigan courts in the first instance. Therefore, the Court holds

the petition in abeyance and stays the proceedings pending his completion of that process.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings [4]. The case is stayed and the petition is held in abeyance. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days after fully exhausting state court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. Lastly, this case is **CLOSED** for administrative purposes pending compliance with these conditions.

IT IS SO ORDERED.

Dated: March 21, 2016 /s/Gershwin A Drain  
Detroit, MI HON. GERSHWIN A. DRAIN  
United States District Court Judge