UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEE BREEDING,

Petitioner,

v.

SHERRY L. BURT,

Respondent.

_____/

Case No. 16-cv-10354

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Thomas Lee Breeding ("Petitioner") was convicted of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, following a jury trial in the Macomb County Circuit Court.  Upon re-sentencing, he was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of twenty to thirty-five years imprisonment on the first-degree criminal sexual conduct convictions and a concurrent term of two and a half to six years imprisonment on the accosting conviction.  In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the effectiveness of trial and appellate counsel, and the

1

validity of his sentences.  For the reasons set forth herein, the Court will deny the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. BACKGROUND

Petitioner's convictions arise from the sexual assault of his stepdaughter at their home in Roseville, Macomb County, Michigan on various occasions from 2004 to 2006 when she was eight to ten years old.  At trial, the victim testified that Petitioner made her perform fellatio on him after school when her mother was at work and while her brother and stepbrother were at friends' houses.  ECF No. 12-6, PageID.409-422.  She eventually told her grandfather what happened when they were walking to a store at the time of her mother's birthday party, and then she told her mother and grandmother.  *Id.* at PageID.424-426.  They contacted the police and she spoke with police officers.  *Id.* at PageID.426-427.

The victim's mother, who is Petitioner's ex-wife, also testified at trial.  She discussed her work schedule, evening classes, and living arrangements during the time in question.  ECF No. 12-7, PageID.439-440.  She recalled speaking with her stepfather and the victim about the abuse during her birthday party in 2009.  She then contacted the police.  *Id.* at PageID.440-441.

Two Roseville police officers testified at trial about the victim's report of sexual assault.  The first officer recalled that the victim seemed uncomfortable due

to the nature of the report, but that she also seemed relieved and mostly sad.  He also testified that she was able to relay the facts to him and they seemed to be from her own memory of events.  *Id*. at PageID.448.  The second officer, a detective at the time, testified that he contacted the victim and her mother and interviewed them at the police station.  He said that the victim was able to provide details and that she was nervous, afraid, and soft-spoken during the interview.  *Id.* at PageID.449-450. He also interviewed Petitioner at the jail after advising him of his *Miranda* rights. *Id*. at PageID.450-451.

Petitioner did not testify on his own behalf at trial, but defense counsel called two witnesses.  The first, Petitioner's son, testified that he lived with his father, his stepmother, his stepbrother, and the victim most of the time during the period in question because he went to school near Petitioner's house and his own mother worked late.  *Id*. at PageID.454-455.  He recalled walking home from school most days with the other kids, doing homework, and staying home until his stepmother or someone else came home.  *Id*. at PageID.455-456.  He testified that he and his stepbrother played baseball and other sports some days after school during that time. *Id*. at PageID.457-458.  He said that Petitioner worked most days during the week, but admitted that he would see him sometimes after school and that he was laid off at one point.  *Id*. at PageID.458.  The second witness, Petitioner's ex-girlfriend and the mother of his son, testified that Petitioner was routinely doing side jobs during

the relevant time period and that when she picked up her son at Petitioner's house, his stepmother was home, but Petitioner was not there most of the time. *Id*. at PageID.462-463.

At the close of trial, the jury found Petitioner guilty of two counts of first-degree criminal sexual conduct and one count of accosting a child for immoral purposes. ECF No. 12-8, PageID.480. The trial court initially sentenced Petitioner to concurrent terms of twenty years to life imprisonment on the first-degree criminal sexual conduct convictions and a concurrent term of ten to fifteen years imprisonment on the accosting conviction. ECF No. 12-9, PageID.490.

Petitioner filed an appeal of right with the Michigan Court of Appeals challenging his sentences. The prosecution conceded error and the court remanded the matter to the trial court for re-sentencing. *People v. Breeding*, No. 303862 (Mich. Ct. App. March 7, 2012) (unpublished). On remand, the trial court re-sentenced Petitioner to concurrent terms of twenty to thirty-five years imprisonment on the first-degree criminal sexual conduct convictions and a concurrent term of two and a half to six years imprisonment on the accosting conviction. ECF No. 12-10, PageID.535-37.

Following his re-sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals contesting his sentences. The court denied relief and affirmed his sentences. *People v. Breeding*, No. 312279, 2014 WL 3704902, *1-3

4

(Mich. Ct. App. July 24, 2014) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Breeding*, 497 Mich. 972, 859 N.W.2d 697 (2015).

Petitioner dated his initial federal habeas petition on January 27, 2016.  In that petition, he challenged the validity of his sentences.  While the matter was pending before this Court, Petitioner filed a motion to stay the case so that he could return to the state courts to exhaust additional claims.  The Court granted that motion and stayed the proceedings.

Petitioner then filed a motion for relief from judgment with the state trial court asserting that the prosecution presented insufficient evidence to support his convictions, that trial counsel was ineffective for failing to investigate his case and present witnesses, and that appellate counsel was ineffective for failing to raise those claims on direct appeal.  The court denied relief on those claims pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner did not establish cause and prejudice for his failure to raise the claims on direct appeal and that the claims lacked merit.  *People v. Breeding*, No. 10-2490-FC (Macomb Co. Cir. Ct. June 6, 2016).  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying his motion.  *People v. Breeding*, No. 334103 (Mich. Ct. App. Dec. 21, 2016).  Petitioner also filed an application for leave to appeal with the Michigan Supreme

Court, which was denied pursuant to Michigan Court Rule 6.508(D). *People v. Breeding*, 501 Mich. 908, 902 N.W.2d 622 (2017).

In 2018, Petitioner moved to reopen this case and proceed on an amended or supplemented habeas petition. The Court granted that motion and reopened the case. In his pleadings, as amended, Petitioner raises the following claims:

I. His convictions for first-degree criminal sexual conduct violated his right to be free from conviction in the absence of proof of guilt beyond a reasonable doubt.

II. He was deprived of his right to the effective assistance of counsel at trial where counsel failed to adequately prepare and investigate the facts of circumstances of the case and failed to present known witness which deprived him of a substantial defense.

III. He was deprived of the effective assistance of counsel on appeal where counsel failed to recognize and argue the substantial constitutional claims now being raised.

IV. He was deprived of his right to due process where the trial court imposed invalid sentences for his criminal sexual conduct convictions, improperly scoring the guidelines and relying upon inaccurate information.

V. He was denied of his right to due process where the trial court imposed an invalid sentence for his accosting a minor conviction by imposing a sentence that relied upon an error in the sentencing guidelines.

Respondent filed an answer to the amended habeas petition contending that it should be denied because the first two claims are barred by procedural default and all of the claims lack merit. Petitioner filed a reply to that answer.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (citations and quotations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*. at 102.  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  *Woods v. Donald*, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quotations and citations omitted).  Section 2254(d) "does not require a state

court to give reasons before its decision can be deemed to have been adjudicated on the merits." *Harrington*, 562 U.S. at 100 (quotations omitted). Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute clearly established Federal law[] as determined by the Supreme Court" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam) (quotations omitted); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007); *Dickens v. Jones*, 203 F. Supp. 2d. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

### A. Procedural Default

As an initial matter, Respondent contends that Petitioner's insufficient evidence and ineffective assistance of trial counsel claims are barred by procedural default because he first presented those claims on collateral review in the state courts and was denied relief pursuant to Michigan Court Rule 6.508(D)(3).

The Court declines to address this defense. Procedural default is not a jurisdictional bar to habeas review. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. The procedural issue is complex and intertwined with the substantive claims such that the substantive claims are more readily decided on the merits. Accordingly, the Court will proceed to the merits of Petitioner's habeas claims.

**B. Merits Determination**

**1. Insufficient Evidence Claim**

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his first-degree criminal sexual conduct convictions. In particular, he argues that the victim's testimony was inconsistent, contradictory, and not reliable. He also asserts that he would have shown his innocence if he had been able to present evidence of the victim's prior false accusations of sexual abuse. Respondent contends that this claim is procedurally defaulted and that it lacks merit.

The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus,

under the AEDPA, challenges to the sufficiency of the evidence must survive "two layers of deference to groups who might view facts differently" than a reviewing court on habeas review—the factfinder at trial and the state court on appellate review—as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). The "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id.* at 788-89.

Under Michigan law, the elements of first-degree criminal sexual conduct relative to the charged offenses here are that the defendant engaged in sexual penetration with another person, and that the other person was under thirteen years of age. Mich. Comp. Laws § 750.520b(1)(a); *see People v. Hammons*, 210 Mich. App. 554, 557, 534 N.W.2d 183, 184 (1995). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required."

Mich. Comp. Laws § 750.520a(r); *see People v. Garrow*, 99 Mich. App. 834, 837; 298 N.W.2d 627, 629 (1980).

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the crime. *See People v. Oliphant*, 399 Mich. 472, 489, 250 N.W.2d 443 (1976). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 462 Mich. 392, 400, 614 N.W.2d 78 (2000), including identity, *Kern*, 6 Mich. App. at 409-10, and intent or state of mind, *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also Nowack*, 462 Mich. at 402-03.

The state trial court considered this claim on collateral review and denied relief. Citing the *Jackson* standard and applicable state law, the court essentially found that the victim's testimony, along with that of the other prosecution witnesses, provided sufficient evidence to support Petitioner's convictions. *See Breeding*, No. 10-2490-FC, p. 3; ECF No. 12-12, PageID.580.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]  The victim's testimony established that she was between eight and ten years old at the time of the incidents

---

[1] The Court notes that it would reach the same result even under a *de novo* standard of review.

14

and that Petitioner penetrated her mouth with his penis on at least two occasions when they were together at home. The testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008) (citing cases). Moreover, the testimony from the victim's mother and the police provided some supporting evidence. Such testimony, when considered in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner committed two counts of first-degree criminal sexual conduct against the victim.

Petitioner challenges the victim's credibility and the jury's evaluation of the testimony presented at trial, as well as the inferences the jury drew from that evidence. However, it is the job of the factfinder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict here, as well as the state court's decision, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established Petitioner's guilt of the two counts of first-

degree criminal sexual conduct beyond a reasonable doubt.  Habeas relief is not warranted on this claim.

Moreover, to the extent that Petitioner raises a freestanding actual innocence claim, he is not entitled to relief.  Claims of actual innocence based on newly discovered evidence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*.  The Supreme Court has not decided whether freestanding actual innocence claims are cognizable on habeas review. *See House v. Bell*, 547 U.S. 518, 555 (2006) (expressly declining to resolve the issue). The Sixth Circuit, however, has "repeatedly indicated that such claims are not cognizable on habeas" review. *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)).  This Court is bound by the Sixth Circuit's ruling.

Furthermore, Petitioner fails to show that he is actually innocent.  No evidence of any prior false sexual abuse accusations was admitted at trial,[2] and Petitioner

---

[2] Defense counsel attempted to impeach the victim with one such incident on cross-examination, but the prosecution objected based on the rape shield statute.  A bench conference ensued, and defense counsel moved on.  ECF No. 12-7, PageID.434.

offers no such evidence, other than his own assertions, here.  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review).  Lastly, any such evidence would only impact the victim's credibility and would not establish Petitioner's innocence.  Actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  In this case, the prosecution presented sufficient evidence to support Petitioner's convictions.  Thus, habeas relief is not warranted on this claim.

### 2.  Ineffective Assistance of Trial Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to properly investigate his case before trial, for failing to call witnesses to testify in his defense at trial, and for advising him not to testify at trial.  In support of this claim, Petitioner again argues that counsel should have presented evidence of the victim's alleged prior false allegations of sexual abuse.  He also presents affidavits from his son, his ex-girlfriend who is the mother of his son, and a family friend signed in 2016, as well as an unsigned affidavit for the

victim's brother, stating that the victim told them (after trial but before sentencing) that she lied about Petitioner abusing her at her mother's request.   ECF No. 7, PageID.104-110.   Respondent contends that this claim is procedurally defaulted and that it lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.   In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.   First, a petitioner must prove that counsel's performance was deficient.   This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.   *Strickland*, 466 U.S. at 687.   Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.   Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.   *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."   *Id*. at 690.   The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding.  *Id*.  On balance, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Id.* at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so."  *Harrington*, 562 U.S. at 105 (internal citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard."  *Id*.

The state trial court considered this claim on collateral review and denied relief. Citing the *Strickland* standard and applicable state law, the court found that Petitioner failed to provide evidence to demonstrate the ineffective assistance of trial counsel. *Breeding*, No. 10-2490-FC, p. 4; ECF No. 12-12, PageID.581.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable interpretation of federal law or the facts.[3] It is well-settled that defense counsel must conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart v. Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d at 258. That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v.*

---

[3] The Court notes that it would reach the same result even under a *de novo* standard of review.

*Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, Petitioner fails to show that trial counsel did not reasonably investigate his case. Petitioner offers no evidence about the scope of trial counsel's investigation or whether counsel contacted or interviewed additional potential witnesses at the time of trial. As to the alleged prior false sexual abuse allegations, the record indicates that counsel was aware of such matters, given that he attempted to cross-examine the victim about one such incident, but was apparently precluded from doing so when the prosecution objected based upon the rape shield statute. *See* n. 2, *supra*. Nonetheless, Petitioner offers no evidence to substantiate such allegations. As discussed, conclusory allegations without evidentiary support do not provide a basis for habeas relief. *See Cross*, 238 F. App'x at 39-40; *Workman*, 178 F.3d at 771; *see also Washington*, 455 F.3d at 733. Petitioner thus fails to establish that trial counsel erred or that he was prejudiced by counsel's conduct in this regard.

As to the affidavits about the victim recanting her testimony, the record fails to show that trial counsel was aware of such matters at the time of trial in 2010. There is no mention of them in the state court record before Petitioner filed his motion for relief from judgment in April 2016, and the affidavits that are signed were not signed until June 28, 2016, after the state court denied that motion.

Additionally, even assuming that trial counsel somehow erred by failing to investigate or questions these witnesses, Petitioner fails to show that he was prejudiced by counsel's conduct.  The executed affidavits, signed nearly six years after trial, are inherently suspect.  *See, e.g., Schlup v. Delo*, 513 U.S. 298, 331 (1995). Further, such statements are viewed with "a fair degree of skepticism."  *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring)*; Harris v. Smith*, No. 2:12-CV-14210, 2013 WL 3873168, *5 (E.D. Mich. July 25, 2013) ("Long delayed statements are viewed with extreme suspicion."); see also *Davis v. Horton*, No. 1:17-CV-11409, 2020 WL 2112349, at *7 (E.D. Mich. May 4, 2020), *certificate of appealability denied*, No. 20-1546, 2020 WL 7213495 (6th Cir. Oct. 13, 2020).  This is particularly so given that the affidavits are from Petitioner's family and friends. *See, e.g.*, *McCray v. Vasbinder*, 499 F.3d 568, 573-74 (6th Cir. 2007); *United States v. Coker*, 23 F. App'x 411, 412 (6th Cir. 2001).

Moreover, Petitioner was not deprived of a substantial defense.  The alleged prior false accusations and the affidavits address the credibility of the victim and do not concern the facts of the crime itself nor establish an alibi or eyewitness defense. Trial counsel thoroughly cross-examined the victim, challenged her credibility and her version of events, and presented two defense witnesses—both of whom submitted late affidavits.  Consequently, the jury was well aware of the victim's credibility issues, the potential inconsistencies in her testimony, and how her

recollection of events varied from that of other witnesses.   Given such circumstances, there is no reasonable probability that the additional evidence would have affected the outcome.   Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard.

Lastly, to the extent that Petitioner asserts that trial counsel was ineffective for advising him not to testify at trial, he is not entitled to relief.   A criminal defendant has a constitutional right to testify in his or her own defense or to refuse to do so.   *Rock v. Arkansas*, 483 U.S. 44, 53 (1987).   "The right to testify is personal to the defendant, may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional."   *United States v. Webber*, 208 F.3d 545, 550-51 (6th Cir. 2000).   Counsel's role is to advise the defendant about whether to take the stand, but the final decision is left to the defendant.   *Id*. at 551; *see also Jones v. Barnes*, 463 U.S. 745, 751 (1983).   If the defendant wants to testify, "he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer."   *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000).   If the defendant fails to do so, waiver of the right to testify is presumed.   *Id*.

Petitioner cites to nothing in the record which shows that he wanted to testify, but trial counsel denied him the opportunity to do so.   Rather, Petitioner confirmed on the record that he consulted with counsel and did not want to testify at trial.   ECF

No. 12-7, PageID.465. Consequently, he fails to overcome the presumption that he willingly agreed with counsel's advice not to testify. *Gonzales*, 233 F.3d at 357. Petitioner also fails to rebut the presumption that counsel's advice that he not testify on his own behalf was sound trial strategy. For example, counsel may have thought that Petitioner would not be a credible witness, or that he would not do well on cross-examination. Moreover, counsel was able to challenge the victim's credibility, contest her version of events, and argue reasonable doubt as a defense to the charges without Petitioner's testimony. Petitioner was not deprived of a substantial defense at trial. He thus fails to show that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### 3. Ineffective Assistance of Appellate Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. Respondent contends that this claim lacks merit.

The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner ordinarily must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal. *Strickland*, 466 U.S. at 687. It is well-established, however, that a criminal defendant does not have

a constitutional right to have appellate counsel raise every nonfrivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In denying Petitioner's motion for relief from judgment, the state trial court denied relief on this claim finding that the underlying collateral review claims lacked

merit such that appellate counsel was not deficient.  *Breeding*, No. 10-2490-FC, pp. 4-5, ECF No. 12-12, PageID.581-582.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Given the state court's decision and this Court's determination that the underlying collateral review claims lack merit, Petitioner cannot establish that appellate counsel erred or that he was prejudiced by counsel's conduct.  Appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit.  *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Habeas relief is not warranted on this claim.

### 4.  Sentencing Claims

Lastly, Petitioner asserts that he is entitled to relief because the trial court erred in imposing his sentences.  He asserts that the state trial court erred in scoring prior record variable 6 ("PRV 6") at twenty points instead of ten points because he was a probationer at the time of the offenses, not a prisoner or jail inmate.  *See* Mich. Comp. Laws. 777.56(1).  He further asserts that, as a result of this error, his sentences were based upon inaccurate information.  Respondent contends that these claims lack merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v.*

*Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum sentences for first-degree criminal sexual conduct and accosting a child for immoral purposes as a second habitual offender. *See* Mich. Comp. Laws §§ 750.520b (authorizing a maximum sentence of life imprisonment); 750.145a (authorizing a maximum sentence of 4 years imprisonment); 769.10 (authorizing a sentence of up to one and a half times the maximum sentence for a first offense for a second offender when the subsequent felony is punishable by a maximum term of less than life imprisonment and authorizing a sentence of up to life imprisonment for a second offender when the subsequent felony is punishable by a maximum term of life imprisonment). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner raised these sentencing claims on direct appeal. The Michigan Court of Appeals denied relief finding that the trial court scored PRV 6 at ten points at re-sentencing and that the error in the Sentencing Information Report was administrative in nature (the PRV 6 and PRV 7 scores were switched). The court

concluded that any error did not alter the appropriate guideline range and that further re-sentencing was not required. *Breeding*, 2014 WL 3704902 at *2.

The state court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. As an initial matter, to the extent that Petitioner contests the trial court's scoring of PRV 6 (or any other variable) under the state sentencing guidelines, he is not entitled to relief. A claim challenging the scoring of offense variables or prior record variables and determining the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). Petitioner makes no such showing. He had an initial sentencing hearing and a re-sentencing hearing before the trial court with an opportunity to contest the sentencing decision. He also presented this issue on direct appeal and the Michigan Court of Appeals resolved the issue. The record supports the court's finding that the trial court actually scored PRV 6 at ten points, not twenty points, and that the PRV 6 and PRV 7 scores were mistakenly switched on the Sentencing Information Report such that the overall PRV score was correct and any error did not alter the appropriate guideline range. *See* ECF No. 12-10, PageID.512-513. Petitioner thus fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentences that he had no opportunity to correct. Therefore, habeas relief is not warranted on these claims.

## V. CONCLUSION

For the reasons stated herein, the Court concludes that Petitioner's claims lack merit and that he is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is **CLOSED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2021


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 8, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager